IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL BENJAMIN
ADC #139727                                                                                          PLAINTIFF

V.                          CASE NO. 5:09CV00277 WRW-BD

LARRY NORRIS, *et al.*                                                                    DEFENDANTS

RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.    Background:**

On September 1, 2009, Plaintiff Michael Benjamin, an inmate at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed his original Complaint in this matter under 42 U.S.C. § 1983, in the Western District or Arkansas. (Docket entry #1) On the same day, the case was transferred to the Eastern District of Arkansas. (#3) The Complaint was deficient, and the Plaintiff was ordered to file an Amended Complaint. (#7) Plaintiff now has filed an Amended Complaint. (#9)

In his Amended Complaint, Plaintiff states that Larry Norris and Gaylin Lay "are apart [sic] of this complaint for the personal injury claim, as [he is] under there [sic] custodial care." In addition, Plaintiff seeks to add Dr. Blackmon, Dr. Murray, and Nurse Savoy as Defendants in this matter for allegedly ignoring his "serious [medical] issue."

Plaintiff has failed to state an actionable constitutional claim against these Defendants. Plaintiff's claims should be DISMISSED without prejudice.

**III.   Discussion:**

   A.    Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915(e). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S.__, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, __ U.S. __, 129 S.Ct. at 1940.

While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Plaintiff filed this action alleging that on October 22, 2008, he slipped and fell while returning to his cell, causing injury to his lower back. Plaintiff attaches to his original Complaint a number of documents in which he requests treatment for pain in his lower back and shoulder blades, as well as for headaches. Plaintiff claims that Defendants have acted with deliberate indifference to his medical needs. Plaintiff's claims fail.

B.     Defendants Norris and Lay

Plaintiff fails to identify the alleged unconstitutional action or inaction of either Defendant Norris or Lay.  See *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (where complaint did not allege defendeat's personal involvement in or direct responsibility for incidents that injured him, plaintiff's claims were not cognizable under § 1983).  Plaintiff states that he has named Defendants Norris and Lay as Defendants because he was under their "custodial care," but he fails to allege that they engaged in any unconstitutional conduct.  Further, Plaintiff fails to state that these Defendants caused him to suffer any injury.  See 42 U.S.C. § 1997e.  Accordingly, Plaintiff's claims against Defendants Norris and Lay fail.[1]

C.     Deliberate Indifference

Deliberate indifference by prison personnel to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual

---

[1] To the extent that Plaintiff seeks to hold these Defendants liable based upon their supervisory positions at the ADC, Plaintiff's claims still fail.  Respondeat superior does not apply to claims brought under 42 U.S.C. § 1983.  *Tlamka v.* Serrell, 244 F.3d 628, 635 (8th Cir. 2001).  "Liability under §1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  An individual cannot be held liable solely on the action or inactions of a subordinate.  *Tlamka*, 244 F.3d at 635 (citing Boyd *v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)).

punishment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000). An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of an inmate involves both an objective and a subjective component. *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). Inmates must demonstrate (1) that they suffered objectively serious medical needs, and (2) that the prison officials actually knew of but deliberately disregarded those needs. *Vaughn v. Gray*, 557 F.3d 904 (8th Cir. 2009).

Here, Plaintiff has failed to state the serious medical need that is not being met and what injury he has suffered as a result of any alleged delay in treatment or medical care. Although Plaintiff states that he informed the medical staff that he was passing blood in his stool on one occasion and that the medical staff declined to grant his request for either medical testing or an MRI, a mere disagreement in the treatment provided without more falls short of stating a deliberate-indifference claim. See *Jolly v. Knudson*, 205 F.3d 1094, 1096 (8th Cir. 2000).

Further, although Plaintiff states that Defendants Blackmon, Murray, and Savoy ignored his "serious [medical] issue," other than complaining about aches and pains and stating that he experienced rectal bleeding on one occasion, Plaintiff fails to state what serious medical need from which he suffers. In addition, Plaintiff fails to specifically state that these individuals were aware of any serious medical need and failed to act. Plaintiff's

5

conclusory allegation contained in his Amended Complaint that these Defendants ignored his "serious [medical] issue" is insufficient to state a constitutional claim.[2]

IV.  **Conclusion:**

The Court recommends that Plaintiff's claims be DISMISSED without prejudice.

DATED this 12th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In the documents attached to Plaintiff's original Complaint, he states that Defendant Blackmon denied him a mat script on October 28, 2009. Without more, the Court cannot state that Defendant Blackmon acted with deliberate indifference to serious medical needs. At most, Plaintiff disagrees with the Defendant Blackmon's treatment decisions. See *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) (stating that prisoners "do not have a constitutional right to any particular type of treatment[,]" and "nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment").